[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13404

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NATHANIEL HARRINGTON,
a.k.a. Nathaniel Cannon, Jr.,
a.k.a. Nay Nay,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00345-WFJ-SPF-1

—————————————

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Nathaniel Harrington appeals his 104-month sentence for possession of a firearm in furtherance of a drug-trafficking crime. He contends the district court's upward variance from the 60-month mandatory minimum sentence resulted in a substantively unreasonable sentence. After review,[1] we affirm Harrington's sentence.

When examining the substantive reasonableness of a sentence, we consider the totality of the circumstances and the § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The district court abuses its discretion if, among other things, it commits a clear error of judgment when considering the proper factors or gives significant weight to improper or irrelevant factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

———————————

[1] We review for abuse of discretion the reasonableness of a district court's sentence. *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016).

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the Guidelines range. *Id.* § 3553(a)(1), (4). The weight given to any § 3553(a) factor is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing those factors. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

The district court did not impose a substantively unreasonable sentence by varying upward and sentencing Harrington to 104 months' imprisonment. *See Trailer*, 827 F.3d at 935-36. Although the district court emphasized Harrington's criminal history, it was entitled to place more weight on this factor than the Guidelines did. *See United States v. Osorio-Moreno*, 814 F.3d 1282, 1287-88 (11th Cir. 2016) (stating a district court does not abuse its discretion by varying upward and placing more weight on a defendant's criminal history than on the Guidelines). This Court has upheld even larger upward variances based solely on a defendant's criminal history. *See id.* at 1288; *see also United States v. Shaw*, 560 F.3d 1230, 1241 (11th Cir. 2009) (upholding a 120-month statutory maximum sentence despite a Guidelines range of 30 to 37 months for a defendant who had been arrested 26 times).

The district court stated it considered the § 3553(a) factors and provided analysis. It highlighted the nature and circumstances of the offense and Harrington's characteristics when it discussed his extensive criminal history, including his five previous drug-related offenses. It concluded an upward variance was needed to protect the public and provide adequate deterrence, as his prior sentences had not adequately deterred him from committing subsequent crimes. Accordingly, the district court did not abuse its discretion in its § 3553(a) analysis. *See United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (stating a district court need not address every factor; rather, simply acknowledging that it considered the § 3553(a) factors and the parties' arguments is sufficient).

As to Harrington's argument the district court improperly considered certain information outside of the plea agreement, the district court was authorized to consider such evidence. *See* 18 U.S.C. § 3661 (providing there are no limitations on the information a sentencing court may receive and consider concerning the background, character, and conduct of the person convicted of an offense); *United States v. Maitre*, 898 F.3d 1151, 1160 n.6 (11th Cir. 2018) (explaining the sentencing court may consider uncharged and acquitted conduct when determining the appropriate sentence). While the government must prove by a preponderance of the evidence a disputed fact contained in the PSI, Harrington agreed to the drug quantities and factual proffer contained in the plea agreement, which were later used in the PSI. *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) (explaining once a

defendant objects to a fact in the presentence investigation report, the government must prove that disputed fact by a preponderance of the evidence).  Further, although he objected to the PSI's inclusion of the Guidelines calculation for all of his charged offenses, he did not object to the district court's determination of the potential Guidelines range of 117 months, which was higher than the PSI's 60-month mandatory minimum Guideline sentences.  His sentence of 104 months' imprisonment is lower than the statutory maximum for his offense, indicating reasonableness.  *See United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (stating an upward variance well below the statutory maximum sentence indicates a sentence is reasonable); *United States v. Smith*, 967 F.3d 1196, 1215 (11th Cir. 2020) (providing the statutory maximum sentence for possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), is life imprisonment).

Thus, because Harrington agreed to the drug quantities through his plea agreement, did not object to the district court's Guidelines-range calculation of his charged conduct, and conceded the court could consider his criminal history, the court did not consider any disputed fact.  The court was within its authority to consider uncharged and acquitted conduct, as well as conduct unrelated to his offense of conviction as part of his history and characteristics and other § 3553(a) factors.  As such, it did not err in considering his extensive criminal history and the drug quantities in the underlying offense conduct when it imposed the 44-month upward variance.  *Maitre*, 898 F.3d at 1160 n.6; *United States v.*

6                    Opinion of the Court                    21-13404

*Overstreet*, 713 F.3d 627, 638 n.14 (11th Cir. 2013) (explaining even if a defendant's conduct is completely unrelated to his offense of conviction, it may be considered as part of his history and characteristics and other factors under § 3553(a) and, therefore, it may be considered when imposing a variance).  Accordingly, we affirm.

**AFFIRMED.**